Martin J. Foley
Martin J. Foley, a PLC
601 S. Figueroa Street, Suite 2050
Los Angeles, California 90017
(213) 248-0577
martin@mjfoleylaw.com

Edward H. Rice (*pro hac vice* forthcoming)
Marina N. Saito (*pro hac vice* forthcoming)
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062
ed@edwardricelaw.com
marina@edwardricelaw.com
(312) 953-4566

*Counsel for Plaintiffs,
Qianli-Beoka Medical Technology Inc.
and AnshiChuangyi-US*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Qianli-Beoka Medical Technology Inc. and AnshiChuangyi-US, <br><br> Plaintiffs, <br><br> vs. <br><br> Hyperice, Inc. and DataFeel, Inc., <br><br> Defendants. | **Case No.: 25-cv-260** <br><br> **DECLARATORY JUDGMENT COMPLAINT** |

Plaintiffs Qianli-Beoka Medical Technology Inc. ("Beoka") and AnshiChuangyi-US ("HeyChy")(collectively, "Plaintiffs") for their Complaint against Defendants Hyperice, Inc. ("Hyperice") and DataFeel, Inc. (DataFeel) (collectively, "Defendants") allege:

## NATURE OF THE ACTION

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

1

Declaratory Judgment Complaint

1. for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 12,193,840 ("the '840 Patent"—attached as Exhibit 1).

2. Plaintiffs bring this action in view of the actual controversy that Hyperice has created under the '840 Patent by asserting a patent infringement claim against HeyChy who sells Beoka's massage gun products on Amazon.com.

3. Upon information and belief, DataFeel owns the '840 Patent and has granted Hyperice an exclusive license to practice, sublicense, and enforce the invention of the '840 Patent.

4. Hyperice's actions to enforce the '840 Patent against HeyChy give rise to a justiciable controversy between HeyChy and Beoka on the one hand and Hyperice and DataFeel on the other.

## PARTIES

5. Beoka is a Chinese company, with a principal place of business at Longtan Industrial Park 2nd Sec., East 3rd Ring Road, Chenghua District, Chengdu, China.

6. Beoka manufactures certain massage guns, which it sells to various retailers, including HeyChy.

7. HeyChy is a company with a principal place of business in China.

8. Upon information and belief, DataFeel is a Nebraska corporation with a principal place of business in Omaha, Nebraska. Upon information and belief, DataFeel is a data experience company working to develop proprietary technologies for enhancing person-to-computer interactions.

9. Upon information and belief, Hyperice is a corporation organized under California law with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

11. The Court has personal jurisdiction over Hyperice because, upon information and belief, Hyperice resides in California and in this judicial district.

12. The Court has personal jurisdiction over DataFeel because, upon information and belief, DataFeel's exclusive patent license agreement with Hyperice establishes that DataFeel purposefully directed activities at residents of California by granting a California corporation the exclusive rights to enforce and defend the '840 Patent.

13. Upon information and belief, this exclusive license agreement imposes both rights and obligations upon Hyperice, a California corporation residing in this judicial district, to enforce and defend the '840 Patent.

14. Exercising jurisdiction over DataFeel would be reasonable and fair because, on information and belief, the exclusive license agreement allows Hyperice, a California corporation residing in this district, in effect to assume all of DataFeel's enforcement rights to the '840 Patent, which is the subject of this lawsuit.

15. Venue is proper under 28 U.S.C. § 1391(b)(1) because Hyperice resides in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

**BACKGROUND**

16. Upon information and belief, on or around January 23, 2025, Hyperice filed a patent infringement claim under Amazon.com's intellectual property infringement reporting procedures contending that certain Beoka massage guns sold on Amazon.com by HeyChy infringe the '840 Patent.

17. On January 23, 2025, HeyChy received notice from Amazon.com that Hyperice was asserting an infringement claim under the '840 Patent against various Beoka massage guns that HeyChy was selling under the following Amazon Standard Identification Numbers ("ASINs"): B0CST2LDS5, B0CJBPTQR3, B0DK8YQ3PJ, B0DB7Q9LP4, B0CSPK9BVQ, B0CJBSD1N8 and B0BGSGCYZV.

18. Amazon assigned this infringement claim an Amazon Patent Evaluation Express Number 17035518201.

19. Amazon's notice to HeyChy stated that if HeyChy did not take steps to address this infringement claim, Amazon would remove HeyChy's listings for the accused ASINs.

20. Amazon.com is the primary sales channel through which HeyChy and other Beoka customers sell Beoka's massage gun products.

21. On January 14, 2025, the USPTO issued the '840 Patent, entitled "Communication Devices, Methods, and Systems."

22. The assignee identified on the face of the '840 Patent is DataFeel.

23. Upon information and belief, DataFeel granted Hyperice an exclusive license to the '840 patent, including sublicense and enforcement rights.

24. The "Background" section of the '840 Patent addresses the problem of "health problems" caused by the long period of time during which people look at computer screens.

25. The "Background" section of the '840 Patent explains that: "Alternate means for person-to-computer communications may reduce the negative effects of excessive screen time."

26. The "Background" section of the '840 Patent explains that the patent discloses ways to communicate data through "non-optical nerves" in the human body; in other words, to communicate through non-visual sensory means.

27. The '840 Patent does not refer to massagers.

28. The words "massage" and "massager" do not appear anywhere in the '840 Patent.

29. The '840 Patent includes 3 independent claims: claims 1, 11 and 16.

30. Each independent claim contains claim language that requires, among other things, a generator configured to attach to a body where the generator at least partially comprises

> a first energy generator element and a second energy generator element, the first and second energy generator elements being independently operable to convert electricity into a first energy type and a second energy type, respectively, and to direct the first and second energy types toward an area of skin.

31. Accordingly, all claims in the '840 Patent include a "generator" limitation that requires "energy generator elements" that operate independently to convert electricity to different energy types that can be transmitted to a person's skin.

32. Beoka's massage gun products do not practice any claims of the '840 Patent because, at a minimum, they do not practice the generator limitation, as properly construed.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

33. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

34. An actual, justiciable, and continuing controversy exists between the Plaintiffs and the Defendants concerning whether Beoka's massage gun products infringe the '840 Patent.

35. Beoka's massage gun products do not infringe any claim of the '840 Patent.

36. Plaintiffs seek a declaration that Beoka's massage gun products do not infringe any '840 Patent claims.

## COUNT II

### (DECLARATORY JUDGMENT OF INVALIDITY)

37. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

38. An actual, justiciable, and continuing controversy exists between the Plaintiffs and the Defendants concerning whether the '840 Patent is valid.

39. If the '840 Patent claims are construed to read onto Beoka's massage gun products, those claims would be invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or both of the following references, either alone or in combination: U.S. Publication No. 2015/0305969.

40. If the '840 Patent claims are construed to read onto Beoka's massage gun products, those claims also would be invalid under 35 U.S.C. § 112.

41. Plaintiffs therefore seek a declaration that the '840 Patent claims are invalid.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to:

a. Find that none of Beoka's massage gun products infringes the '840 Patent;

b. Find that the '840 Patent claims are invalid;

c. Find that this case is an "exceptional case" under 35 U.S.C. § 285 and that Plaintiffs are entitled to its attorney fees; and

d. Award Plaintiffs other and further relief as may be proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs Beoka and HeyChy request a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: February 10, 2025

By: /s/ Martin J. Foley
Martin J. Foley